JUL 15 2024 PM2:03
FILED - USDC - FLMD - ORL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA


**Case No.**


**Randolph Hugo: Kahl-Winter Jr.,**
Plaintiff, Pro Se,


v.


**Jeannie Magill, MHC Rose Bay LLC, and Equity Lifestyles Inc.,**
Defendants.


---

## COMPLAINT FOR VIOLATION OF THE FAIR HOUSING ACT, BREACH OF CONTRACT, FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, AND UNFAIR AND DECEPTIVE TRADE PRACTICES

---

# Table of Contents

1. **Introduction** ............................................................1
2. **Nature of Action** .....................................................1

3. **Parties** ................................................................ 2
   - Plaintiff ................................................................ 2
   - Defendants ............................................................ 2

4. **Jurisdiction and Venue** ...........................................2

5. **Factual Background** ............................................... 3
   - Rental Application and Initial Approval ........................ 3
   - Denial of Entry and Discriminatory Practices ................. 3
   - Claim of Lien ......................................................... 4
   - Non-Judicial Attempts to Resolve ............................... 4

6. **Causes of Action** ................................................... 5
   - Count I: Violation of the Fair Housing Act
     (42 U.S.C. §§ 3601 et seq.) ....................................... 5
   - Count II: Breach of Contract ..................................... 7
   - Count III: Fraud ..................................................... 7
   - Count IV: Intentional Infliction of Emotional Distress ........ 8
   - Count V: Negligence ............................................... 8
   - Count VI: Unfair and Deceptive Trade Practices
     (Fla. Stat. § 501.204) .............................................. 9
   - Count VII: Discrimination
     (42 U.S.C. §§ 3601 et seq. and Fla. Stat. § 760.23) ........... 10

7. **Prayer for Relief** .................................................. 11
8. **Demand for Jury Trial** ........................................... 12
9. **Verification on Oath** ............................................. 12
10. **Certificate of Service** ........................................... 13

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **Randolph Hugo: Kahl-Winter Jr.,** | |
| Plaintiff Pro Se, | |
| v. | |
| 1.  **Jeannie Magill,** Property Manager at MHC Rose Bay LLC, | |
| 2.  **MHC Rose Bay LLC,** | |
| 3.  **Equity Lifestyles Inc.,** | |
| Defendants. | |
| | Case No. |

**COMPLAINT FOR VIOLATION OF THE FAIR HOUSING ACT, BREACH OF CONTRACT, FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

**INTRODUCTION**

Plaintiff, Randolph Hugo: Kahl-Winter Jr. ("Plaintiff"), proceeding Pro Se, files this Complaint against Defendants Jeannie Magill, Property Manager at MHC Rose Bay LLC ("Defendant Magill"), MHC Rose Bay LLC ("Defendant MHC Rose Bay"), and Equity Lifestyles Inc. ("Defendant Equity Lifestyles") (collectively "Defendants"), and alleges as follows:

**NATURE OF ACTION**

This is a civil action seeking damages and injunctive relief for violations of the Fair Housing Act (42 U.S.C. §§ 3601 et seq.) and related state laws. The Plaintiff, Randolph Hugo: Kahl-Winter Jr., alleges that Defendants engaged in discriminatory practices by denying his

1

rental application without legitimate cause, despite initial approval. Plaintiff also asserts claims for breach of contract, fraud, intentional infliction of emotional distress, negligence, and unfair and deceptive trade practices, seeking to address the emotional and financial harm suffered due to Defendants' actions.

## PARTIES

1. **Plaintiff**: Randolph Hugo: Kahl-Winter Jr., acting Pro Se, a resident of Volusia County, Port Orange, Florida.

2. **Defendant Magill**: Jeannie Magill, Property Manager at MHC Rose Bay LLC, located at 5200 S. Nova Rd, Volusia County, Port Orange, Florida.

3. **Defendant MHC Rose Bay**: A limited liability company headquartered in Chicago, IL, Two North Riverside Plaza, Suite 800, United States., 60606.

4. **Defendant Equity Lifestyles**: The parent holding company of MHC Rose Bay LLC

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff's claims arise under the Fair Housing Act (42 U.S.C. §§ 3601 et seq.).

6. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district and all parties reside here.

8.  Plaintiff asserts compliance with Rule 8(a) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

**Rental Application and Initial Approval**

8.  On January 25, 2024, Plaintiff paid a $50 application fee for a background check to Dawn Harris at Sunshine Holiday Daytona, an Encore Park. During this conversation, Plaintiff was assured that approval would be valid for "ANY" Encore Park in Florida, and this was confirmed by Dawn Harris, who stated, "All ENCORE PARKS are linked to a central computer and could verify approval." (See Exhibit 1: Rental Application Approval)

9.  On or about February 1, 2024, Plaintiff received a telephone call from Dawn Harris congratulating him on being "Approved" for ANY and ALL Encore Parks in Florida and intimated the Plaintiff that "written confirmation will follow in approximately ten days."

10. On or about February 3, 2024, based on this approval, Plaintiff confirmed a private purchase of a mobile home at Rose Bay, Encore RV Park, 5200 S. Nova Rd, Lot 207, Port Orange, Florida 32127. (See Exhibit 2: Certificate of Title)

**Denial of Entry and Discriminatory Practices**

11. On February 14, 2024, Plaintiff requested a written approval letter stating these facts and received an email from Dawn Harris attesting to his approval. (See Exhibit 1: Email Approval Confirmation)

12. Thereafter, on February 15, 2024, at approximately 1:00 p.m., Plaintiff met with Defendant Magill and handed her the approval letter. At 1:37 p.m., Defendant Magill telephonically called Plaintiff and stated she was personally denying his approval application. When Plaintiff asked for a reason, Defendant Magill stated, "I don't owe you any reason why," and hung up.

13. Defendant Magill's unjust refusal to process Plaintiff's rental application and provide a valid reason constitutes a violation of the Fair Housing Act, as it was done based on personal whims rather than any legal or policy-based reasoning.

14. Plaintiff has incurred substantial expenses in reliance on the approval, including the purchase of the mobile home, moving costs, and temporary accommodation.

15. Defendants' actions were arbitrary, capricious, and discriminatory, causing Plaintiff significant emotional and financial distress.

**Non-Judicial Attempts to Resolve**

16. Plaintiff made numerous good faith attempts to resolve the issue non-judicially, including sending notices and demands to Defendant Magill and the corporate Defendants, all of which were ignored or inadequately addressed. (See Exhibit 3: Non-Judicial Correspondence)

**Claim of Lien**

17. On 05-31-2024, Plaintiff filed a claim of lien for $6,000,000 due to the denial and the subsequent financial and emotional distress caused by the Defendants' actions. (See Exhibit 4: Claim of Lien)

18. Defendant failed to respond to the claim of lien, prompting Plaintiff to initiate a non-response action pursuant to applicable Florida law.

## CAUSES OF ACTION

### COUNT I:

### VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. §§ 3601 et seq.)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. The Fair Housing Act (42 U.S.C. §§ 3601 et seq.) prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, national origin, and disability.

22. On or about February 1, 2024, Plaintiff received approval for rental accommodation at Rose Bay, an Encore Park, indicating that he met all necessary qualifications and requirements.

23. Despite this initial approval, on February 15, 2024, Defendant Magill, acting as Property Manager for MHC Rose Bay LLC, arbitrarily and capriciously denied Plaintiff's rental application without providing any legitimate reason, stating, "I don't owe you any reason why," and hung up the phone.

24. The denial of Plaintiff's rental application was not based on any lawful or legitimate criteria but was instead motivated by discriminatory animus based on Plaintiff's race and/or disability.

25. Defendants' actions included, but were not limited to:

   a. Arbitrarily revoking the initial approval of Plaintiff's rental application.

   b. Failing to provide a valid and lawful reason for the denial.

   c. Engaging in practices that were intended to, or had the effect of, discriminating against Plaintiff based on his race and/or disability.

26. Defendants' discriminatory actions violate the Fair Housing Act, which mandates that all individuals have equal access to housing opportunities regardless of their protected characteristics.

27. As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to:

   a. Emotional distress, anxiety, and mental anguish caused by the unjust denial and the resultant uncertainty and insecurity.

   b. Financial loss, including the costs associated with the initial application, subsequent housing search, and related expenses incurred due to Defendants' actions.

   c. The imminent threat of homelessness, given Plaintiff's reliance on the approval and subsequent purchase of the mobile home.

28. Defendants' actions were willful, malicious, and in reckless disregard of Plaintiff's rights under the Fair Housing Act, warranting the imposition of punitive damages to deter similar conduct in the future.

## COUNT II:

## BREACH OF CONTRACT

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. A valid contract existed between Plaintiff and Defendants upon the approval of Plaintiff's rental application and the subsequent purchase of the mobile home.

25. Defendants breached this contract by denying Plaintiff entry to the property after initially approving his residency.

26. As a result of Defendants' breach, Plaintiff has suffered and continues to suffer significant damages, including financial loss and emotional distress.

## COUNT III:

## FRAUD

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants knowingly made false representations to Plaintiff regarding the approval of his rental application with the intent to deceive Plaintiff.

29. Plaintiff relied on these false representations to his detriment, incurring significant expenses and suffering emotional distress.

30. As a result of Defendants' fraudulent actions, Plaintiff has suffered damages, including financial loss and emotional distress.

## COUNT IV:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendants' conduct in denying Plaintiff entry to the property, despite initial approval, and engaging in discriminatory and retaliatory practices was extreme and outrageous.

33. Defendants' actions were intended to cause, or were reckless in causing, Plaintiff severe emotional distress.

34. As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress, including anxiety, depression, and the imminent threat of homelessness.

## COUNT V:

## NEGLIGENCE

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendants owed a duty of care to Plaintiff to process his rental application fairly and in accordance with the law.

37. Defendants breached this duty by denying Plaintiff entry to the property without legitimate cause and engaging in discriminatory practices.

38. As a result of Defendants' negligence, Plaintiff has suffered damages, including financial loss and emotional distress.

## COUNT VI:

### UNFAIR AND DECEPTIVE TRADE PRACTICES (FLA. STAT. § 501.204)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Defendants' actions constitute unfair and deceptive trade practices in violation of Fla. Stat. § 501.204.

41. Defendants engaged in misleading and unfair practices by falsely representing the approval of Plaintiff's rental application and subsequently denying him entry to the property.

42. As a result of Defendants' unfair and deceptive practices, Plaintiff has suffered damages, including financial loss and emotional distress.

9

## COUNT VII:

## DISCRIMINATION (42 U.S.C. §§ 3601 et seq. and Fla. Stat. § 760.23)

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. The Fair Housing Act (42 U.S.C. §§ 3601 et seq.) and Florida Statute § 760.23 prohibit discrimination in housing on the basis of race, color, religion, sex, national origin, familial status, and disability.

45. Plaintiff, a member of a protected class based on race and/or disability, was subjected to discriminatory practices by Defendants, who denied him entry to the rental property despite his initial approval and compliance with all application requirements.

46. Defendants' discriminatory actions included, but were not limited to:

    i.    Arbitrarily denying Plaintiff's rental application after initially approving it.

    ii.    Creating a hostile environment for Plaintiff through false allegations and retaliatory conduct.

    iii.    Engaging in practices that have the effect of discriminating against Plaintiff based on his race and/or disability.

47. Defendants' conduct was intentional and in reckless disregard of Plaintiff's rights under the Fair Housing Act and Florida Statute § 760.23.

48. As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has suffered and continues to suffer substantial harm, including emotional distress, financial losses, and the imminent threat of homelessness.

49. Plaintiff is entitled to declaratory and injunctive relief, as well as compensatory and punitive damages, for Defendants' violations of the Fair Housing Act and Florida Statute § 760.23.

## PRAYER FOR RELIEF

A. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

B. Declaratory relief that Defendants' actions violated the Fair Housing Act and Florida Statute § 760.23;

C. An order enjoining Defendants from engaging in further discriminatory practices;

D. Compensatory damages in an amount to be determined at trial;

E. Punitive damages for Defendants' willful and malicious conduct;

F. An order awarding Plaintiff damages for emotional distress;

G. An order awarding Plaintiff damages for financial loss incurred as a result of Defendants' actions;

H. Enforceable recognition of the lien if the process was legally sound and no defects are present;

I. Award Plaintiff the sum of $6,000,000 as asserted in the non-judicial claim of lien, provided the process was without defect;

J.  Costs and expense fees;

K.  Any other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

### VERIFICATION ON OATH

I, Randolph Hugo: Kahl-Winter Jr., HEREBY CERTIFY under penalty of perjury that I have

read the foregoing document, and under the laws of the united States of America, the

foregoing is true and correct. Executed on this 15TH day of July, 2024.

*Without Prejudice UCC 1-308*

**Randolph Hugo: Kahl-Winter Jr. (Plaintiff Pro Se)**

**Witness**

**Witness**

Respectfully submitted,

*Without Prejudice UCC 1-308*

By:

**Randolph Hugo: Kahl-Winter Jr.**
             **(Plaintiff Pro Se)**

**DATE:** July 15, 2024

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint has been served upon the Defendants, by First Class U.S. Mail, Certified Mail, Return Receipt at the following address:

1. **Jeannie Magill,** Property Manager, **MHC Rose Bay LLC**
   5200 S. Nova Rd
   City Port Orange, FL 32127

2. **MHC Rose Bay LLC, and;**
3. **Equity Lifestyles Inc.**
   Two North Riverside Plaza, Suite 800, Chicago IL 60606

*Without Prejudice UCC 1-308*

*By: Randolph Hugo: Kahl-Winter Jr.*

**Randolph Hugo: Kahl-Winter Jr.**
(Plaintiff Pro Se)

13

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**Randolph Hugo: Kahl-Winter Jr.,**

        Plaintiff,

v.

1.  **Jeannie Magill, Property Manager,**
2.  **Rose Bay, MHC Rose Bay LLC,**
3.  **Equity Lifestyles Inc.,**

        Defendants.

Case No.

## COMPLAINT

### APPENDIX OF EXHIBITS FOR PLAINTIFF'S COMPLAINT

| Exhibit Letter | Description | Page(s) |
|---|---|---|
| 1 | Rental Application Approval | 2 |
| 2 | Certificate of Title | 1 |
| 1 | Email Approval Confirmation | 2 |
| 3 | Non-Judicial Correspondence | 57 |
| 4 | Claim of Lien | 11 |

Without Prejudice UCC 1-308   Respectfully submitted,

By: Randolph Hugo: Kahl-Winter Jr.

Randolph Hugo: Kahl-Winter Jr. (Plaintiff)